

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: JOSE HARPER | § | No. 08-22-00169-CR |
| | § | Appeal from the |
| | § | 384th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC#20180D06489, 20180D06473 and 20180D06475) |

## <u>MEMORANDUM OPINION</u>

Appellant, Jose Scott Harper, pro se, attempts to appeal the denial of a pretrial application for writ of habeas corpus heard by the trial court on December 6, 2021. We previously dismissed Appellant's attempted appeal of this same denial of the pretrial habeas application in cause numbers 08-22-00215-CR and 08-22-00001-CR for lack of jurisdiction. Harper now makes a third attempt to appeal this pretrial writ denial, asserting that a clerical error prevented him from properly and timely presenting his appeal. We dismiss for lack of jurisdiction.

On December 16, 2021, in cause number 08-21-00215-CR, Harper attempted to appeal the trial court's December 6, 2021, oral denial of the pretrial habeas application. *Ex parte Harper*, 08-22-00215-CR, 2022 WL 594147, at *1 (Tex.App.—El Paso, Feb. 28, 2022, no pet.)(mem.op., not designated for publication)(hereinafter "*Harper I*"). This Court received the clerk's record on

January 6, 2022, but because it did not contain a written order denying Harper's habeas application, we dismissed for lack of jurisdiction. *Id.*

On December 23, 2021, in cause number 08-22-00001-CR, Harper filed a second notice of appeal contesting the same December 6, 2021, oral pronouncement by the trial court denying his pretrial habeas application. *Harper v. State*, 08-22-00001-CR, 2022 WL 633389, at *1 (Tex.App.—El Paso, Mar. 4, 2022, no pet.)(mem.op., not designated for publication)(hereinafter "*Harper II*"). Noting the same lack of written appealable order in the clerk's record, we dismissed Harper's second attempted appeal for lack of jurisdiction. *Id.*

On March 17, 2022, Harper filed a motion for rehearing in *Harper I*, which we denied on March 21, 2022. We issued mandate on *Harper I* and *Harper II* on July 16, 2022, and July 19, 2022, respectively.

Thereafter, Harper filed a third notice of appeal in this Court on September 1, 2022, docketed under cause number 08-22-00169-CR, again attempting to challenge the trial court's denial of his pretrial habeas application. Attached to Harper's notice of appeal was the trial court's written order—undated but file-stamped by the district clerk on January 4, 2022—denying Harper's pretrial habeas application. Harper also attached a brief in support, contending he had been deprived, through no fault of his own, of his right of appeal due the district clerk's clerical error in failing to include the January 4, 2022, appealable order in the clerk's record received by this Court on January 6, 2022. In support of this argument, Harper cites to *Stansberry v. State*, 239 S.W.3d 260, 263 (Tex.Crim.App.2007), for the proposition that, "If a document would have been timely filed but for an error by an employee of the court, then the document is considered to be timely filed." In its response, the State counters that Harper's September 1, 2022, notice of appeal of the January 4, 2022, denial order is untimely, as it is well outside the thirty-day notice-of-appeal

filing deadline. S*ee* TEX.R.APP.P. 26.2 Moreover, the State asserts, though squarely on notice following our decision in *Harper I* that no written order had been filed with this Court, Harper failed to timely request supplementation of the clerk's record to include the appealable order in time for us to modify our judgment in cause number 08-21-00215-CR before our plenary power to do so expired. The State additionally contends Harper's reliance on *Stanberry* is misplaced because no clerical error exists where the clerk's record filed in the instant cause (08-22-00169-CR) contained the complained-of, January 4, 2022, order.[1] We agree with the State.

First turning to *Stansberry*, we agree with the State that this case is inapposite, albeit for different reasons. While the absence in the clerk's record filed in this Court on January 6, 2022, of the later provided January 4, 2022, writ-denial order is some indication of a clerical error, it is not the type of error—unimputed to the appellant in *Stansberry*—presented here. In *Stansberry*, the appellant contended that he had timely filed notice of appeal but that the notice was missing from the clerk's record due to a clerical error. *See Stansberry*, 239 S.W.3d at 262. We held Stansberry's notice of appeal was filed untimely and dismissed for want of jurisdiction. *Id.* The Texas Court of Criminal Appeals reversed, noting it was undisputed by the State that a notice of appeal had been timely filed with the District Clerk. *Id.* at 263. Importantly, upon his discovery of the missing notice, Stansberry's appellate counsel supplemented his notice of appeal and (in response to our notice of intent to dismiss for want of prosecution unless either party could show grounds for proceeding with the appeal) requested a hearing in the trial court. *Id.* at 261, n.2, 5. At the trial court's evidentiary hearing, two affidavits were entered into evidence wherein Stansberry's trial counsel attested to the timely filing of the notice of appeal; the State did not dispute the credibility

---

[1] The State also contends Harper's attempted appeal should be dismissed on hybrid-representation grounds. Because we dispose of this appeal for lack of jurisdiction, we do not address this part of the State's argument.

of the affidavits, and the trial court expressly held Stansberry had timely tendered to the district clerk his notice of appeal. *Id*. at 261-62. It was on the basis of this express factual finding by the trial court, supported by the undisputed evidence, that the Texas Court of Criminal Appeals held it was erroneous to dismiss Stansberry's appeal, explaining that we "had no reason to reject [the trial court's] finding [because] the record supports it, and the State does not dispute it." *Id.* at 263. The *Stansberry* Court held that, under those circumstances, we did not lose jurisdiction when the notice of appeal, though timely filed, was subsequently misplaced through no fault of the appellant. *See Id.*

But unlike in *Stansberry*, there was no evidence presented to (or express finding made by) the trial court establishing Harper's status as an innocent party in the untimely filing of his notice of appeal. Whereas Stansberry took prompt action in supplementing the record, requesting an evidentiary hearing, and presenting evidence (which evidence the trial court found credible and which the State did not dispute) to establish the clerk's erroneous omission of the timely filed notice of appeal, Harper took none. Instead, as the State correctly points out, though fully aware of the omission of the complained-of, January 4, 2022, denial order from the clerk's record, Harper waited until September 1, 2022, to inform this Court about the existence of the order. By then, our plenary power to modify our judgment dismissing the appeal for want of jurisdiction in either *Harper 1* or *Harper II* had expired on April 20, 2022 (thirty days after denial of rehearing on March 3, 2022), and May 23, 2022 (sixty days after judgment rendered on March 4, 2022), respectively. *See* Tex.R.App.P. 19.1(a)-(b).

Accordingly, we hold Harper failed to properly invoke our jurisdiction over his attempted appeal and dismiss for want of jurisdiction. *See Harris v. State*, No. 08-02-00359-CR, 2002 WL

4

31195329, at *1 (Tex.App.—El Paso Oct. 3, 2002)(timely notice of appeal is necessary to invoke appellate court's jurisdiction); *see also* TEX.R.APP.P.19.1(a)-(b); 26.2.

YVONNE T. RODRIGUEZ, Chief Justice

November 22, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.